STATE, Respondent, v. MICHAEL, et al, Appellants.

(228 N. W. 371.)

(File No. 6905. Opinion filed December 31, 1929.)

*H. F. Fellows* and *A. R. Denu,* both of Rapid City, for Appellants.

*M. Q. Sharpe,* of Kennebec, and *Turner M. Rudesill,* of Rapid City, for the State.

BROWN, J. Defendants were convicted of violation of the prohibition law (Rev. Code 1919, § 10235 et seq., as amended) on an information in two counts. The first count charged that on December 21, 1927, they unlawfully kept a quantity of intoxicating liquor with intent to evade the provisions of the liquor law of the state. The second count charged that on the same day they unlawfully sold a quantity of intoxicating liquor with intent to violate said law. Amos Michael was found guilty on the first count and not guilty on the second count. His wife was found guilty on the second, but not guilty on the first. The undisputed evidence shows that at their residence in Rapid City Mrs. Michael on the date named sold to witnesses for the prosecution six drinks of whisky which she served from a pail in the kitchen sink. The court admitted evidence of other sales to the same persons on half a dozen different occasions during the three weeks previously; some of such sales being made by defendant Amos Michael and some by his wife.

The sole ground of appeal is that the court erred in admitting evidence of those previous sales; it being contended this was in violation of the familiar rule that proof of other independent offenses is not admissible on the trial of a person for a criminal offense. While the rule is familiar and elementary, there are equally familiar exceptions to it, and one of these is that proof of similar offenses to that for which the party is on trial is admissible for the purpose of showing the intent with which the act for which he is on trial was committed. But appellants say that the intent was clear when the sale on the 21st was proved, and therefore there was no need of proving other offenses to show the intent. The only alleged sale submitted to the jury was that claimed to have been made from the pail by Mrs. Michael on December 21st, the offense charged in count 2. Whether or not Amos was guilty of keeping with unlawful intent was an issue under the plea of not guilty to the charge in count 1 of the information, and on that

issue evidence of previous sales by him and by his wife at the house in which they both lived, all of such sales being served from a pail in the kitchen sink tended to prove that the liquors were kept by Amos as well as by his wife, and were kept with intent to violate the law.

The judgment and order denying a new trial are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.